JUSTO CHALEMÁN, ETC., Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 963. Submitted November 4, 1935.—Decided January 17, 1936.

*L. Ríos Algarín* for appellant.   The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A deed executed by the marshal of a municipal court recited: That a suit, number 1260, had been commenced in the municipal court against Zenén Concepción and Gregorio Meléndez; that a certain parcel of land had been attached as the property of Zenén Concepción; that Zenén Concepción had died during the course of the action and that his widow, Doña Providencia Tirado, and the children (naming them) were defendants. A writ of execution issued out of the municipal court and copied in the marshal's deed recited that in suit number 1260 plaintiff had obtained a judgment in the district court against the defendants, Zenén Concepción and Gregorio Meléndez, and that the judgment roll had been filed in the office of the clerk of the municipal court. By this writ the marshal was required to collect the amount of the judgment out of the personal property of the debtor if sufficient to cover the same and if not, out of the real estate belonging to the said debtor on the date when the said judgment was entered in the district court. The marshal then advertised and sold, as the property of Zenén Concepción and of his succession, the widow, Providencia Tirado, and the children (naming them), the land which had been attached as the property of Zenén Concepción.

A registrar of property recorded this deed as far as the widow's interest in the property was concerned, subject to the results of the liquidation of the community assets, and refused to record the same as far as the interest of the children was concerned, because this interest had not been recorded in their names.

The rule is that property, recorded in the name of a deceased debtor and sold under execution as the property of his heirs, must be recorded in the name of the heirs before it can be recorded in the name of a purchaser at the execution sale. *Bird* v. *Registrar*, 48 P.R.R. 675; *Orcasitas* v. *Registrar*, 45 P.R.R. 106; *Pomales* v. *Registrar*, 19 P.R.R. 606; *Figueroa* v. *Registrar*, 18 P.R.R. 255, and *Garrido* v. *Registrar*, 12 P.R.R. 383. There are, of course, two well-recognized exceptions to this general rule but the instant case does not come within either of these exceptions. The fact that the personal action was commenced during the lifetime of the deceased debtor, Zenén Concepción, and the fact that his heirs were subsequently substituted as defendants do not establish a third exception to the rule.

The registrar mentioned as a curable defect the fact that the court was not shown to have acquired jurisdiction over the defendants. The registrar referred, of course, to the jurisdiction of the municipal court where the action originated. It is too well established to require the citation of authorities that there is no presumption in favor of the jurisdiction of municipal courts and that registrars of property may require a satisfactory showing in this regard.

The registrar also mentioned the fact that the property was subject to the lien of the attachment to which we have already referred. Appellant calls attention to a clause in the marshal's deed wherein the attaching creditor, as purchaser at the execution sale, requested cancellation of the attachment entry because the attachment lien had been merged in the title acquired by the attaching creditor. If

the registrar had canceled the attachment entry after refusing to record the marshal's deed as far as the interest of the heirs was concerned, the attaching creditor would have lost the benefit of the record entry as to his attachment without becoming the record owner of the attached property. The registrar was right, we think, in construing the request for cancellation of the attachment entry as presupposing a previous record of the marshal's deed and as conditioned upon the making of such previous entry. Appellant would have had more reason to complain if the registrar, after refusing to record the deed as far as the interest of the heirs was concerned had canceled the record entry of attachment as requested by the purchaser in the deed itself.

The ruling appealed from must be affirmed.